Johnson, J.-
The allegations of the petition being admitted by the demurrer the question presented is whether the tax upon the traffic in intoxicating liquors can be assessed against real estate, *358 when illegal sales have been made therein by a tenant in possession, under a lease of the premises, which was made for a legal purpose other than such traffic, when such illegal sales were made without the knowledge or consent of the owner and without his participation in any way. Section 6071, General Code, provides for the assessment of the tax and Section 6072 provides: “Such assessment, with any penalty thereon, shall attach and operate as a lien upon the real property on and in which süch business is conducted, as of the fourth Monday of May each year, and shall be paid at the times provided for by law for the payment of taxes on real or personal property within this state, to-wit: one-half on or before the twentieth day of June, and one-half on or before the twentieth day of December of each year.”
It is unnecessary to refer to all of the cases in which the legislation involved in this case has been examined. An instructive review of the history of the state’s treatment of the subject may be found in The Simon Linser Brewing Co. v. The Village of New Concord et al., 89 Ohio St., 135, in which a different section of the act was involved, and in which it was held that a fine resulting from the violation of a local option law prohibiting the sale of intoxicating liquor may be charged upon the real property where the unlawful act was committed when the owner has knowledge of the violation, although the terms of the section in their unrestricted meáning embrace the real property of one who is without such knowledge.
The exact question made here has not been de *359 cided by this court, although in the early cas,es? in which the validity of the.tax itself and of the lien on the real estate in which the business is conducted are sustained, it is referred to. Adler v. Whitbeck, 44 Ohio St., 539-575; Anderson v. Brewster, 44 Ohio St., 576. In the latter case it was held, that; under, the Dow law a valid lien is created on real estate when the tenant holds under a lease, written or parol, made after the passage of the statute. • r
In that case the tenant “occupied the premise? only as a monthly tenant” .and had been “engaged in the business of trafficking in intoxicating liquors in the premises for several months.” • It is. pointed out in the opinion that the owner could have térn^y nated the tenancy and recovered possession of. tfie premises at any time after the statute was passed. The court say: “If, with eyes open, he provide? a building or premises for another to. conduct q business marked by the constitution and laws.qs. a source of evil, and opposed to public policy, fie should.not be permitted to evade the operation;of the statute.”
In The Pioneer Trust Co. v. Stich et al., 71 Ohio St., 459, it was held: “By force of our tax laws,, the assessments upon .the business of trafficking in intoxicating liquors which it is the duty of the icounty auditor to place upon the tax duplicate, as. well those for previous years which may have,.beep omitted as those for the current year, become, a lien upon the property in and on which such traffic has been conducted, superior to that of a mortgage given and duly entered of record prior to the entry of such tax on the duplicate and prior to the her *360 ginning of such traffic on the premises. Such priority of lien is not affected by the fact that at the date of such mortgage no sale of liquor was ever known • to have taken place on the premises; that the premises were not adapted to the traffic; that the mortgagee had no knowledge at any time of any sale of liquor thereon, or of any intention to sell on the part of any one, and that he loaned his money in good faith and had no reason to suspect or fear that any sales of liquor would ever be made on the mortgaged premises.” In that case the owner of the fee of the premises, who was the mortgagor, made the sales which were the basis of the levy of the tax. The ground upon which the decision in that case was placed was that the assessment upon the traffic is a tax which, if omitted, may be entered upon the duplicate and collected as other taxes, and that, by the statutes touching the subject, the lien of the state for taxes levied for all purposes in each year attaches to all real property subject to such taxes and continues until such taxes with any penalty shall be paid; that in all judicial sales the court shall order taxes, penalty and interest thereon to be discharged out of the proceeds of the sale, and that by the same provisions the state is not only given a lien for all unpaid taxes but that such lien is given precedence over all others.
It is insisted by the defendants in error that the case just referred to is decisive of the case we have here. We think not. In that case the owner of the fee, in whose name the property stood on the tax duplicate, himself used the premises for the sale *361 and brought himself and his property clearly within the provisions of the law. There could be no doubt as to the validity of the levy of the tax on the property of the owner who thus made the sale, and the question in that case was one of priority only, between the lien of the state and the lien of the mortgage. The validity of the tax lien having been established, the statutes for the collection of taxes themselves determined the question of priority and gave that priority to the tax lien. In this case a different question is presented. When the owner of property is wholly innocent in the matter, has not given his consent and has not the knowledge of any violation of the statutes with reference to the traffic or of any other act which if done with his knowledge and consent would make the property the subject of the tax, may the tax be levied and assessed against it ? If it may lawfully be, then its lien would be entitled to the same priority as other taxes.
In the consideration of the contention of plaintiffs in error, that the enforcement of the lien of the assessment under the circumstances set out in the petition is a violation of the constitutional guaranties referred to, we are mindful that statutes providing for taxation and the collection of taxes are not affected by those provisions of the constitution in the same manner as are statutes relating to other matters. The taxing power inheres in the sovereignty. It is necessary to the existence of the government, and when fairly exercised no one has any right to complain. It is well settled that in the raising of the general revenue the requirement of equality and *362 Uniformity must be followed, but that this does not preclude the legislature from adopting other niethods of taxation in' the exercise' of the police power and, when required, for the public good. 1 Cooley on Taxation (3 ed.), 254; Western Union Telegraph Co. v. Mayer, Treas., 28 Ohio St., 521; Anderson v. Brewster, 44 Ohio St., 585. It'is 'equally well recognized that such provisions must not be arbitrary or unreasonable and must not unnecessarily interfere with the rights of citizens. The very existence of such broad and elastic powers in the state imposes the duty on the courts to scrutinize their exercise to the end that guaranteed rights, of citizens may not be improperly infringed.
This court applied these principles in Mirick v. Gims, Treas., etc., 79 Ohio St., 174, in. which a tax lien was asserted under circumstances of notice and knowledge similar to those in this case.
' In that case it was held that Section 2833, Revised Statutes, as amended and in effect April 4, 1906 (98 O. L., 87), so far as it requires the levy of the per capita tax on dogs upon the real estate Upon which the dogs may have been kept and harbored, and the collection thereof as other taxes upon real estafe, notwithstanding the owner of such real estate had no knowledge that the dogs had been harbored thereon and was not consenting thereto, is an, arbitrary and unreasonable exercise of police power not required by the general' welfare and 'therefore unconstitutional and void.
. We think the petition in this case stated a good ..cause of action and the .demurrer should have been overruled,
*363 The judgments below will be reversed and judgment for plaintiffs.in error.

Judgments reversed and judgment for plaintiffs in error.

Nichols, C. J., Shauck, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.